## JOHN LITTLE *v.* SAMUEL D. TEAGUE.

MORTGAGE. *Assignee thereof.    Possession after condition broken.    Title by limitation.*

In 1866 L. mortgaged a tract of land to R.   In August, 1869, R., without having foreclosed his mortgage, conveyed the land to L.'s wife.   L. died in 1874, and in May, 1879, Mrs. L. borrowed money from T., and to secure the repayment thereof, gave a deed of trust upon this land.   In the "fall of 1879" she died.   Default was made in the payment of the debt and the land was sold under the deed of trust and bought by T.   In February, 1880, T. brought an action of ejectment against the children of Mrs. L., to recover the land, they having received possession from their mother who had been in possession of the same jointly with her husband up to the time of his death, and had sole possession thereof afterwards during her lifetime.   The defendants resisted the suit on the ground that Mrs. L., being only the assignee of R.'s mortgage, T. could not acquire the legal title through her. *Held*, that as Mrs. L. was in possession of the land more than ten years between the execution of R.'s deed and her death, she acquired a title by limitation, as a mortgagee in possession after condition broken, under sect. 2666 of the Code of 1880, and the same provision in prior Codes.   The joint possession of herself and husband, after the execution of R.'s deed and before L.'s death, must be referred to her who had the paper title, rather than to him who had, in form at least, conveyed it away.

APPEAL from the Circuit Court of Attala County.

Hon. C. H. CAMPBELL, Judge.

The case is stated in the opinion of the court.

*C. L. Anderson* and *J. T. Butt*, for the appellant filed an abstract and assignment of errors, but no brief.

*Jason Niles*, for the appellee.

The only question in this case is as to the effect of the deed executed by Wm. B. Little to Wm. E. Rosamond.   This deed was subject to a clause of defeasance, by which it was to become void upon the payment of a specified note — " else to remain in full force and virtue."   On the trial there was no attempt to show that the note had ever been paid, or that the conveyance had ever " become null and void."   On the contrary, the deed, by its very condition, " remained in full force and virtue."

CHALMERS, J., delivered the opinion of the court.

In 1866 W. B. Little mortgaged the land here sued for, to one Rosamond. In August, 1869, Rosamond, without having foreclosed his mortgage, conveyed the land to Mrs. Abigail Little, wife of the said W. B., executing a warranty deed thereto. Little and his wife had previously been and thereafter remained in possession of the land. Little died in 1874, and in 1879 Mrs. Little borrowed money from plaintiff Teague, and secured its repayment by a trust-deed upon the land. The debt falling due and remaining unpaid, the land was sold under the trust-deed and bought in by Teague. Mrs. Little being now dead, this action of ejectment is brought for the recovery of the land against her children, who are in possession. The defence set up is that plaintiff has only a mortgage upon the land, inasmuch as he must trace back through Mrs. Little, to Rosamond, who was only a mortgagee. Technically, this is correct; but the proof shows that Mrs. Little, jointly with her husband, so long as he lived, and solely thereafter, occupied the land from the date of the execution of Rosamond's deed to herself. More than ten years intervened between that time and her own death, in 1879. True, during a large portion of this time she occupied, jointly with her husband, but the occupancy should be referred to her who had the paper title, rather than to him who had in form, at least, conveyed it away. The sole question discussed by counsel on either side is, whether the instrument executed to Rosamond by B. W. Little, was a deed with a defeasance, which became an absolute conveyance by non-compliance with the conditions of the defeasance, or whether it was a mortgage. We think that it was undoubtedly a mortgage, but do not think that this affects the result. If it was originally a deed in fee, or subsequently became one, then Rosamond first, and Mrs. Little afterwards, was owner, and Teague, of course, has a perfect title as her grantee. If it was a mortgage, then Mrs. Little, as the assignee of Rosamond, was for more than ten years a mort-

gagee in possession after condition broken, and acquired a perfect title by limitation, which title, of course, passed to Teague. Code of 1857, p. 399, Art. III.; Code 1871, sect. 2149; Code 1880, sect. 2686.

Judgment affirmed.