ABRAHAM TUTEUR *v.* R. D. BROWN ET AL.

1. MORTGAGES. *Equity of redemption. Limitation. Code* 1892, § 2732.

    A mortgagor who permits the mortgagee, or those holding under him, to remain in possession of the mortgaged land for more than ten years after breach of condition, is, under code 1892, § 2732 (code 1880, § 2666), barred of all equity of redemption.

2. SAME. *Cloud on title. Parties.*

    A mortgagor who, by limitation, is barred of all equity of redemption, and who has conveyed all interest in the land, is neither a necessary or proper party to a bill to remove clouds from title.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

Branigan owned the land in controversy, and executed a mortgage upon it to Garrison. At the maturity of the mortgage debt, Garrison, more than ten years before this suit was begun, took possession, and, while in possession, he mortgaged the premises to Brown, and, at the maturity of the debt to

Brown, the latter took possession from Garrison, and is yet in the actual occupancy of the place. There was no pretense of any acknowledgment of the mortgagor's (Branigan's) title or right within ten years before suit begun. Branigan, more than ten years after he had surrendered the possession of the land, conveyed his interest therein to appellant, who began to assert ownership, and Garrison and Brown filed their bill in this case to cancel the deed to appellant as a cloud on the title. Appellant's demurrer to the bill being overruled by the court below, he appealed.

*W. H. Powell*, for appellant.

. The maxim, "once a mortgage, always a mortgage," applies. 15 Am. & Eng. Enc. L., 725 and notes. The equity of redemption cannot be restrained or cut off by agreement. The attempt to do so in the mortgages at bar are void. *Ib.*, pp. 791, 792, and note 8. The right cannot be waived. *Ib.*, p. 827; Pingrey on Mort., vol. 1, pp. 48, 49, 55; 24 Miss., 376; 40 Miss., 469. Garrison is the mortgagee of Branigan, and Brown is the mortgagee of Garrison. Their possession exists only for the protection of their security for the collection of their debts, and, when done, they should have returned the possession of the property to Branigan or his vendee, Tuteur. Pingrey on Mort., vol. 1, pp. 12, 13, 14. It was held in 54 Miss., 357, that when the mortgagee enters, he holds so as to realize out of the income his debt, and when that has been satisfied, he holds, as trustee, for the mortgagor, to whom he shall account.

Surely, it will never be held by this court that a trustee can, under the circumstances of this case, invoke the aid of a court of equity to fortify his title by a claim of adverse possession against his *cestuis que trust*. It was the duty of Garrison to his mortgagor, Branigan, when he took possession, to receive the rents of the property and apply them to the payment of the secured debt, and, when paid, to have returned the possession

to Branigan. He failed in his duty, and now seeks the aid of a court of equity to justify him in a breach of duty, by confirming his claim of title by limitation. Equity, in such a case, will leave the complainants where it finds them, and to do that will necessitate the sustaining of the demurrer, and a dismissal of the bill. It is absolutely certain that appellees have no standing in this case, unless they can rest upon the statute of limitations, and they being the moving actors, cannot invoke the aid of equity for such purpose. It was their duty to have given distinct notice to Branigan that they intended to assert a hostile title to him, before the statute of limitations could begin to run.

*J. W. Downs*, for the appellee.

Garrison took possession, and held the lands adversely until he conveyed to Brown, and Brown has held adversely since. This adverse holding not only cuts off and extinguishes any remedy Branigan ever had, but extinguishes the right as well. Code of 1880, § 2666; code of 1892, § 2732; *Little* v. *Teague*, 60 Miss., 115; *Ellis* v. *Murray*, 28 Miss., 129; *Ford* v. *Wilson*, 35 Miss., 490. It is competent to join one adverse possession with another. *Benson* v. *Stewart*, 30 Miss., 49.

Branigan has no interest in the controversy, and is not a necessary party to it. Garrison, though not asserting it, has an equity of redemption, and is a proper party.

Woods, C. J., delivered the opinion of the court.

The conveyances from Branigan to Garrison and from Garrison to Brown were securities for the payment of the sums named in them, and must be held to be mortgages. But, although mortgages, Branigan is now barred of any right to assert his equity of redemption, by reason of his failure to bring his action for that purpose for more than ten years after condition broken, and after possession by the mortgagee, or his alienee, during all that period. As to him the title of ap-

pellee, Brown, is perfect by limitation.  See the opinion of this court in *Little* v. *Teague*, 60 Miss., 115, and particularly the last sentence in that opinion.

Branigan was neither a proper nor a necessary party to the bill in this case.   He had no sort of connection with, nor interest in, the subject-matter of the litigation, under the view hereinbefore announced.   Garrison was a proper, though not a necessary, party.   He has elected to appear as the co-complainant of his vendee or mortgagee, and of this the appellant has no reason to complain.

*The decree of the court below is affirmed, with leave to appellant to answer within thirty days after mandate filed.*