RALPH P. BUTLER ET AL v. SCOTTISH-AMERICAN MORTGAGE COMPANY.

[46 South. 829.]

CHANCERY COURTS. *Jurisdiction. Equity. Constitutional law. Constitution* 1890, *sec.* 160. *Injunction. Suit at law. Multiplicity of suits.*

A defendant in ejectment, having an equitable defense, may enjoin its prosecution, under Constitution 1890, sec. 160, enlarging the jurisdiction of the chancery court, without yielding any legal defense that he may have to the suit; and all defenses in such case may be made in equity, thus preventing a multiplicity of suits.

FROM the chancery court of Franklin county.

HON. J. S. HICKS, Chancellor.

The Scottish-American Mortgage Company, appellee, was complainant in the court below; Butler and others, appellants, were defendants there. From a decree overruling defendants' demurrer to the complainant's bill the defendants appealed to the supreme court.

The Scottish-American Company sued out an injunction against Butler and others to restrain them from prosecuting an action of ejectment brought by them against it and others. The bill of complaint set forth that, in 1888, one Nathan Bunckley, since deceased, executed a deed of trust upon certain described real estate to secure an indebtedness due from him to the Mortgage Company, and that, after default in payment of the indebtedness, the deed of trust was foreclosed, and at the foreclosure sale in 1892 the real estate was bought by one Judah in trust

for the Mortgage Company, who subsequently, in 1894, conveyed it to one Shelton, who, in turn, in 1895, conveyed it to one Jones; that afterwards, in 1897, Jones reconveyed the property to Shelton, and, in 1899, Shelton conveyed it to the Scottish-American Mortgage Company. That the parties named as holding under the foreclosure sale have had actual possession of the property since 1893, receiving from it rents and profits. In 1907 the defendants, Butler and others, claiming to own the real estate by inheritance from the aforesaid Bunckley, instituted an action of ejectment for the land in the circuit court of the county against the Mortgage Company and its eleven tenants. The bill further alleged that the defense of the Mortgage Company, and those in privity with it, were equitable in nature and such as cannot be made in a court of law to the ejectment, being that the Mortgage Company bought the property at the foreclosure sale in 1892 under the original deed of trust executed by Bunckley, for the purpose of satisfying the indebtedness due it by Bunckley; and that if the foreclosure sale should be held not to have conveyed a valid title, then the indebtedness of Bunckley, secured as aforesaid, had never been paid, and the Mortgage Company had the rights of a mortgagee in possession, after condition broken, and the real estate should be sold to satisfy whatever indebtedness might be found due under the deed of trust. The bill prayed, in order to prevent a multiplicity of suits, and that the rights of the Mortgage Company, and af all parties concerned might be adjudicated in one suit, that defendants be enjoined from prosecuting the ejectment suit.

The defendants demurred to the bill, assigning as grounds of demurrer (a), that the bill showed defenses cognizable in a court of law; and (b), that the Mortgage Company sought to enjoin the prosecution of the action of ejectment before submitting to a judgment therein.

*McKnight & McKnight,* for appellants.

Where a party seeking equitable relief as here, has a defense which he can set up in a court of law, he must either admit in

his bill the invalidity of his legal title and offer to do equity, or suffer judgment in a court of law and enjoin the execution of the judgment. *Wall v. Harris,* 44 Miss. 36; *Bonner v. Lessley,* ·61 Miss. 392; *Magee v. Willis,* 57 Miss. 638.

The demurrer should have been sustained, injunction dissolved and bill dismissed, or, at least, the chancery court should have modified the injunction so as to permit the appellants as plaintiffs in the circuit court, to prosecute to judgment, their action of ejectment. *Hill v. Billingsley,* 53 Miss. 117.

*Ratcliff & Truly,* for appellee.

Appellants rely upon the case of *Hill v. Billingsley,* 53 Miss. 117, to secure a reversal of the decree below. But since the decision of that case a great change has been wrought in the jurisprudence of the state and in the jurisdiction of the chancery court especially, by section 160 of the constitution of 1890. For the first time, in this state, his section gave to the chancery court the right to decree possession and displace possession, and otherwise greatly enhanced its powers; all for the manifest purpose of enabling parties in controversies of this character to resort to equity for full adjudication of all rights whether legal or equitable.

It is true that, if no injunction had been issued in this case and the ejectment suit had been allowed to proceed and plaintiffs had secured judgment therein, the defendant, appellee, could have obtained an injunction against the execution of the judgment. But such course of procedure would have involved immense cost and a multiplicity of suits. By the procedure actually adopted by the appellee the whole matter, involving all the rights of all the parties concerned, can be tried and settled by the one suit in equity.

MAYES, J., delivered the opinion of the court.

In order to avoid a multiplicity of suits, this bill was and should have been sustained. Since the jurisdiction of the chan-

cery court attached for this purpose, it may proceed in this one suit to adjudicate all matters in volved in the controversy. When the case of *Hill v. Billingsley,* 53 Miss. 117, was decided, the constitution of the state was quite different from what it is at this time, and the reasons there given for allowing the plaintiff to proceed at law pending the suit in chancery are without force since the adoption of section 160, of the constitution of 1890.

*Reversed and remanded.*