## PRICE *v.* GREER.

### Opinion delivered February 15, 1909.

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.—Where a complaint in an action of trespass for cutting timber alleged that the timber was cut "on or about June 27, 1901, and on divers days and times since then," an amendment which alleges that the greater part of said timber "was cut in 1902 and 1903" does not set forth a new cause of action, but merely states more specifically the cause of action set forth in the original complaint. (Page 303.)

2. CLOUD ON TITLE—EFFECT OF PURCHASE PENDENTE LITE.—Where A brought suit against B to quiet the title to certain uninclosed land, on which B had paid the taxes for at least six years, two of which payments were made after the passage of the limitation act of March 18, 1899 (Kirby's Digest, § 5057), but before the third payment was made by him A sold the timber on the land to C, and thereafter

conveyed the land to B, the effect was the same as if A had obtained a decree against B quieting his title and then conveyed the land to B, and A's title, thus quieted, so far as the timber was concerned, inured to the benefit of C. (Page 304.)

3. ALIENS—ACQUIRING TITLE BY LIMITATION.—Under Kirby's Digest, § 264, providing in effect that aliens may take lands either by purchase, by will or descent, a nonresident alien may establish title to land in this State by virtue of the operation of the statute of limitations. (Page 306.)

4. LIMITATION—TITLE ACQUIRED BY PAYING TAXES.—Under Kirby's Digest, § 5057, providing that unimproved and uninclosed land shall be deemed to be in possession of the person who has paid taxes thereon for seven years in succession, such payments may be made at any time before the day fixed by law for the sale of delinquent lands. (Page 307.)

5. SAME—SUFFICIENCY OF PAYMENT OF TAXES.—The statutory bar by reason of payment for seven years of taxes on unimproved and uninclosed land (Kirby's Digest, § 5057) does not attach until the expiration of seven years from the first payment, but it is not necessary that three years shall have expired from the first payment made since the passage of the statute. (Page 308.)

6. INSTRUCTION—NECESSITY OF REQUEST.—Appellant cannot complain because the trial court failed to submit a certain question to the jury if he failed to make request for its submission. (Page 308.)

Appeal from White Circuit Court; *John B. McCaleb,* Special Judge; reversed.

*J. W. &M. House,* for appellant.

1. It was error to permit appellee to amend his complaint on July 15, 1907, so as to allege two causes of action which had not been previously alleged. They were barred by limitation. Where a new cause of action is brought into complaint, the period of limitation is from the date of such amendment. 41 Fed. 750; 139 Ill. 504; 51 Am. St. Rep. 430, note; 51 S. W. 844; 60 Kan. 691; 45 Pa. 404; 81 Ala. 230; 170 Ill. 166; 107 Ia. 666; 74 Fed. 291; 158 U. S. 292; 95 Fed. 308; 135 Cal. 102; 64 Ark. 348; 59 Ark. 446.

2. A non-resident alien may acquire title to lands in this State by deed, grant or devise, but not by operation of law. Greer could not acquire title by virtue of a statute of limitations, and the jury should have been so instructed. Kirby's Digest, § 623; 64 Ark. 381; 40 Ala. 689; 4 Wheaton 453; 4 Moore's Int. Law Dig. 32, 34; 4 Ala. 99; 12 Cal. 450; 24 Me. 559; 33 Barb. (N. Y.) 360; 1 U. C. Q. B. (Can.) 37; 2 Am. & Eng.

Enc. of L., 2d Ed., 73; 53 Ala. 411; 18 Ala. 565; 6 Cal. 250;
69 Conn. 416; 164 Ill. 48; 106 Ia. 303; 41 Ia. 481; 20 Ia. 45;
33 S. W. 444; 10 S. W. 191; 47 Am. Dec. 532; 29 Ark. 647;
36 Am. Dec. 613; 31 L. R. A. 146; 21 Am. Rep. 348; 40 N.
C. 207; 5 Paige 114; 3 Leigh (Va.) 492; 32 Barb. (N. Y.)
263; 2 Cyc. 95, 96.

3. Where suit is brought to remove a cloud from title, or
to recover possession, the possession created by the payment of
taxes under the act of March 18, 1899, is suspended, and the
limitation necessarily ceases.

4. Where an adverse claimant of land, who is not in ac-
tual adverse possession but only in constructive possession, rec-
ognizes the title, and offers to purchase the interest of the true
owner during the statutory period, this will interrupt the run-
ning of the statute, and such claimant will be estopped to deny
the title of the owner.  163 Ill. 277; 44 Cal. 474; 63 Cal. 113;
*Id.* 150; 4 Wend. 507.

5. In order to obtain the benefit of the statute, tax pay-
ments must be made within the time prescribed by law; other-
wise there is a break in the payment and in the constructive
possession under the statute.  83 Ark. 522.  Payment of the
taxes after the 10th of April cannot be considered a payment
within the time prescribed by law.  53 Pac. 421; 47 Ill. 17; 68
N. E. 735.  In this case the first payment of taxes on the land
after the passage of the act of 1899 was on April 5, 1900.
Three full years from this date should have elapsed before the
constructive possession ripened into title.

6. Under the statute seven full years must elapse from the
date of the first payment of taxes, before title is acquired.  83
Ark. 159; 183 Ill. 548; 23 Ill. 507; 23 Ill. 387; 109 Ill. 397;
99 Ill. 372; 96 Ill. 415; 99 N. W. 855; 45 Ill. 388: 133 Ill. 308.

*S. Brundidge, Jr.,* for appellee.

1. The amendments to the complaint stated no new causes
of action, and in no way prejudiced appellant's rights or de-
fense.  Their allowance was addressed to the sound discretion
of the court, and, being made in furtherance of justice, appellant
cannot complain.  60 Ark. 526; 68 Ark. 315; 80 Ark. 326;
Kirby's Digest, § 6145; 85 Ark. 39.

2. The act of March, 1899, carries no provision limiting

its application to citizens of the State or United States. An alien having under our law the right to buy, acquire and inherit property, he is entitled to all the means provided by law for perfecting his title. 4 Moore's Digest International Law, § 536, p. 7; 3 Story 458. Appellant is in no position to question appellee's citizenship. That question could only be raised by the State or national government. 77 Ark. 195; 2 Wheat. 259; 9 Pet. 301; 113 U. S. 89.

3. Appellee is not estopped. It is' only where the source of title is identical, and the parties have no other title to rely on, that neither party can go behind the person from whom they hold or show that his claim is not good. 41 Ark. 17.

4. The court properly refused appellant's request to charge the jury in effect that before appellee could claim title by payment of taxes for seven years he must show that he had paid the taxes by the 10th of April in each year.

*J. W. & M. House,* for appellant in reply.

The rule is uniform that where an alien brings suit against a citizen, the citizen can by plea raise the question of the plaintiff's being an alien. 21 Minn. 175; 11 Mass. 119; 9 Mass. 454; *Id.* 377; 9 Mass. 363; 15 Tex. 495; 20 Fed. Cas. No. 11579; 3 *Id.* No. 1219; 37 N. C. 423.

McCULLOCH, C. J. This is an action instituted by the plaintiff, B. W. Greer, against C. A. Price to recover damages for an alleged trespass on lands to which the plaintiff asserted title by payment of taxes for seven years under color of title. The case has been here on a former appeal, and a judgment in favor of the plaintiff was reversed. *Price* v. *Greer,* 76 Ark. 426. The action was commenced May 30, 1903, and it was alleged in the complaint that "the defendant on or about June 27, 1901, and on divers days and times since then, did unlawfully enter upon the lands and cut and remove the timber, which was converted to his own use."

After the case was remanded, the court permitted the plaintiff to amend his complaint by inserting the following statement: "And he and those under whom he claims title to said lands have been in possession of and paying taxes thereon for the past thirty-nine years." Also by inserting the following: "That the greater part of said timber, to-wit: two thousand

dollars' worth, was cut in 1902 and 1903." It is insisted that the last amendment set forth a new cause of action, and that the court erred in permitting it to be introduced into the pleadings. And it is also insisted that the amendment was equivalent to the commencement of a new action as to the timber cut in 1902 and 1903, and that it was barred by the statute of limitations pleaded by the defendant.

This contention is unsound, as the amendment did not set forth a new cause of action, but merely stated more specifically the cause of action set forth in the original complaint.

The evidence establishes the fact that the lands from which the defendant took the timber in controversy were originally owned by one G. W. Andrews. The plaintiff claimed title by reason of having paid taxes, under color of title, for more than seven years, the last three payments being subsequent to March 18, 1899, and the land being unimproved and uninclosed. Kirby's Digest, § 5057. The third payment after March, 1899, was made on January 22, 1902, and the plaintiff seeks to recover the value of timber cut after that time. The defendant attempts to justify this cutting of timber by asserting title thereto under a deed executed to him by Andrews on May 27, 1901, conveying the timber to him. On May 8, 1901, Andrews instituted in the chancery court of White County a suit against Greer, the plaintiff herein, to quiet his title, and in his complaint tendered to the latter the amount paid out for taxes. On September 24, 1902, while that suit was pending, Andrews and Greer entered into a written contract whereby Andrews agreed to convey to Greer all of said lands in litigation, and Greer agreed to pay Andrews the sum of $400 and to reconvey certain tracts of the land (not those in this controversy) to him. This contract was performed by Andrews by executing to Greer a deed dated October 4, 1902, conveying the land specified; and on June 11, 1903, which was after the present action was commenced, the suit of Andrews against Greer was dismissed by consent of both parties.

The foregoing facts were pleaded by the defendant in an amendment to his answer filed after the case was remanded by this court on the former appeal; and the evidence adduced at the trial established them. Not all of the tracts of land, how-

ever, from which the evidence tends to show that the defendant cut timber were embraced in said suit of Andrews against Greer; but, as on the former trial, the evidence does not show the amount and value of timber cut from each tract, and the verdict of the jury fixes the gross value of timber cut from all the land. The case must be reversed for a new trial if the evidence fails to show that the plaintiff had title to or possession of all the tracts at the time of the alleged trespass. It will be seen from the foregoing recitals of facts that Andrews, the owner of the land, commenced a suit in equity against Greer to quiet his title to the land on May 8, 1901, before the latter's possession by reason of paying taxes thereon ripened into title; that during the pendency of that suit Andrews sold and conveyed the timber on the land to defendant Price, and that the suit between Andrews and Greer was thereafter terminated by the former conveying the lands to the latter. This conveyance was executed to Greer after the greater portion, if not all, of the timber had been cut by Price.

Do those facts establish title to the lands in plaintiff Greer at the time the defendant cut the timber, so as to enable him to recover of defendant the value thereof? We say that they do not. The pendency of the suit of Andrews against Greer did not, unless prosecuted to successful termination, prevent the statute bar from attaching in Greer's favor on payment of taxes for the third time after March 18, 1899; but when so prosecuted the result of the suit related back to the date of its commencement, and prevented the statute bar from attaching. The suit was not prosecuted to final judgment, but it was terminated by the conveyance of the subject-matter thereof by Andrews to Greer. Inasmuch as the statute bar never attached in Greer's favor against Andrews, it did not bar the rights of the latter's vendee, Price, to whom he had sold the timber during the pendency of the suit, for the reason that its pendency and the subsequent termination thereof by the conveyance from Andrews to Greer inured to Price's benefit so as to prevent the statute bar from attaching. This was the effect of his purchase during the pendency of the suit, as he could claim, by virtue of his purchase at that time, all the benefits which accrued from the suit to his vendor, who was the plaintiff therein. The result is the

same as if Andrews had obtained a decree against Greer quieting his title, and then conveyed it to Greer.

The fact of Greer having accepted a conveyance from Andrews of lands not embraced in the suit to quiet title would not necessarily have been a recognition of Andrew's title and ownership, so as to remove the statute bar in Greer's favor, which had already attached. He had the right to buy his peace by purchasing the outstanding title of Andrews, and at the same time stand upon the hostility of his possession and any title which he had acquired by reason thereof. His acceptance of the conveyance from Andrews of itself made only a question for the jury to determine whether the possession was hostile or in recognition of the claim of the true owner. *Shirey* v. *Whitlow,* 80 Ark. 444; *Hudson* v. *Stillwell,* 80 Ark. 575; *Walker* v. *Helms,* 84 Ark. 614. But, as to lands embraced in the suit and in the subsequent conveyance, it is clear that the statute bar never attached in Greer's favor.

We are therefore of the opinion that the court erred in refusing to instruct the jury in accordance with the views herein expressed, as set forth in the instruction numbered sixteen requested by the defendant; and for that reason the judgment must be reversed and the cause remanded.

In view of another trial of the case, we deem it proper to pass upon other questions raised.

The evidence shows that the plaintiff is a citizen and resident of the Dominion of Canada, and the defendant contends that a non-resident alien cannot take title to lands in this State by virtue of the operation of the statute of limitations. It seems that at common law an alien could take lands only by purchase, and not by operation of law. 4 Moore's International Law, p. 34. The statutes of this State provide that aliens may take lands either by purchase, by will or by descent. Kirby's Digest, § 264. But it is urged that the investiture of title by limitations is by operation of law, and that the statute does not enlarge the rights of aliens so as to enable them to take title by this method. It is not correct to say that title by limitation is taken by operation of law. The statute of limitations is one of peace and repose, and the effect of the statute bar is to raise a conclusive presumption in favor of the possessor of land. "The title ac-

quired in such cases," says a learned author on this subject, "is predicated upon the presumption that the party in possession is the real owner, or that the real owner has surrendered or abandoned his claim to the premises, or he would have asserted his claim thereto within the requisite period, to save his right." Wood on Limitations, § 254.

Defendant contends that the continuity of plaintiff's possession by reason of the successive payments of taxes was broken by the failure to pay for one or two years until after the tenth day of April. We held in *Wyse* v. *Johnson,* 83 Ark. 520, that a redemption of land from a tax sale was not a payment of taxes within the meaning of the act of March 18, 1899, declaring the payment of taxes under color of title to be possession. But a payment at any time before the land is sold by the collector, even after April 10, constitutes a payment, and not a redemption, within the meaning of the statute, though the revenue statutes of the State require lands to be returned delinquent unless the taxes thereon are paid on or before April 10 of each year. The right of the owner to discharge the tax lien by paying the taxes at any time before sale on the second Monday in June is expressly recognized by the statute (Kirby's Digest, § 7086), and a payment on or before that day is sufficient. The act of March 18, 1899, prescribes no time for payment so as to bring it within these terms. It merely declares that one who pays taxes on uninclosed and unimproved lands, under color of title, shall be deemed to be in possession thereof.

Another contention of defendant which may become important in another trial is this: That the statute bar does not attach until the expiration of three years from the first payment made subsequent to the passage of the act. We held in *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154, that the full period of seven years must expire from the first of the seven payments required by the statute; but it does not follow from this that three years must elapse from the first payment after the passage of the act. The statute begins to run on the first payment of taxes, and the statute bar is complete at the end of seven years from that date, provided seven payments have been made in succession, and three of the same were made after the passage of the statute.

For the errors indicated, the judgment is reversed and the cause remanded for new trial.

ON REHEARING.

Opinion delivered April 26, 1909.

McCULLOCH, C. J.    We said in the former opinion that "the evidence does not show the amount and value of timber cut from each tract, and the verdict of the jury fixes the gross value of timber cut from all the land." We erred in this, and our attention is now called to it. The court, at defendant's request, instructed the jury to state in the verdict the amount of timber cut from each tract, and the jury returned a special verdict, finding separately the amount of damage for cutting timber from each of seven tracts. The amounts aggregated $721, for which the court rendered judgment for the plaintiff, and only one of the tracts was embraced in the suit of Andrews against Greer to quiet title. The amount of damages for cutting timber on this tract was fixed by the verdict at $160, and it is contended that a remittitur of this sum will cure the error which we found in the proceedings.

The other six tracts were embraced in the deed from Andrews to Greer, executed pursuant to the contract of September 24, 1902, which was after the statute bar had attached in favor of Greer. With respect to that we said in our former opinion that "the fact of Greer having accepted a conveyance from Andrews of lands not embraced in the suit to quiet title would not necessarily have been a recognition of Andrew's title and ownership so as to remove the statute bar in Greer's favor which had already attached."

In the case of *Hudson* v. *Stillwell*, 80 Ark. 575, we announced the law on this subject as follows: "Any act done after seven years' occupancy in recognition of the claim of the original owner would only be important, when done by the same person who held for the statutory period, as a circumstance tending to show the character of the possession, whether adverse or not."

The defendant made no request for the submission of this question to the jury, but contended that the acceptance by Greer of a deed from Andrews at that time estopped him to claim title

adverse to Andrews and his former grantee, Price. He cannot, therefore, complain that the court failed to instruct on this point.

We are of the opinion, that a remittitur of $160, which the plaintiff offers to enter and which reduces the judgment to $561, will eliminate the error in the proceedings. Rehearing is therefore granted, and judgment will be entered accordingly.