'SCOTTISH AMERICAN MORTGAGE COMPANY LTD. v. RALPH P. BUTLER.

[54 South. 666.]

1. DEED OF TRUST. *Substituted trustee. Appointment. Attorney in fact.* *Code* 1906, *section* 3108.

The attorney in fact of the beneficiary of a deed of trust cannot appoint a substitute trustee, where the deed provides for the appointment, "by the beneficiary or any holder of the notes secured or their legal representatives."

2. LIMITATION OF ACTIONS. *Non-residents. Absence from the state.*

Code 1906, § 3108, providing that, if after any cause of action has accrued, the person against whom it has accrued reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return, applies only where a cause of action accrues in the state and the person against whom it has accrued goes from and resides out of the state and has no application where a non-resident alien corporation claimed adverse possession of land, when such possession was by tenant against whom ejectment might at any time have been instituted.

3. ALIENS. *Right to inherit land. Common law.*

The common law, unmodified by statute or treaty, excluded an alien from inheriting lands from a citizen. An alien had no inheritable blood through which title could be transmitted.

4. CODE 1906, SECTION 2768. *Voidable title.*

Code 1906, § 2768, does not render absolutely void title acquired and held by a non-resident alien in violation of its terms but as at common law only voidable at the instance of the state.

5. ALIENS. *Adverse possession.*

Code 1906, § 2768 (Code 1892, § 2439), provides that a non-resident alien may have or take a lien on land to secure a debt and at any sale thereof to enforce payment of the debt may purchase the same and thereafter hold it not longer than twenty years, and during that time may sell the same in fee to a citizen and that all lands held or acquired contrary to such section shall escheat to the state.

but a title to real estate in the name of a citizen of the United States, or a person who has declared his intention of becoming a citizen, whether resident or non-resident, if he be a *bona fide* purchaser, shall not be forfeited by reason of alienage of any former owner or other person.

Section 3092, Code 1906 (Code 1892, § 2732), provides that when a mortgage after condition broken obtains actual possession or receives the profits of the mortgaged land the mortgagor or any person claiming through him may not sue to redeem after ten years from the time at which the mortgagee obtained such possession or receipt, etc. *Held* that a non-resident alien mortgagee obtaining possession through tenants, though under an invalid sale, and holding such possession and receiving the rents and profits more than ten years adversely under claim of title, secured a perfect title as against the mortgagors.

6. ADVERSE POSSESSION. *Nature of title.*

Title by adverse possession may be used as a weapon of offense as well as defense. It is a perfect title and is available to the holder for all purposes whatsoever as a perfect record title.

APPEAL from the chancery court of Franklin county. HON. J. S. HICKS, Chancellor.

The facts are fully stated in the opinion of the court.

*Ratcliff & Truly,* for appellant.

It seems clear to us that the question of complainant's alienage cannot be raised in a case like this, by individuals. The complainant acquired possession of the land in an orderly and legal way, and if it had no right to acquire and hold it on account of its alienage, it is well settled by an unbroken line of authorities that proceedings to oust it must be instituted by the sovereign and the sovereign only. An individual cannot do it, especially one who has no right to it himself, or who once having had a right has lost it by the lapse of time. A non-resident alien, who has acquired and is holding real estate in violation of law may lose it by escheat to the state, but he can hold it until a judicial determination of the fact that he is so holding it has been had by an in-

quest of office, at the instance of the state. This seems to be the universal rule announced and supported by all the authorities:

See: *Fairfax* v. *Hunter,* 7 Cranch 602; 3 L. Ed. U. S. 453; *Osterman* v. *Baldwin,* 6 Wall. 116, 18 L. Ed. U. S. 730; *Conrad* v. *Waples,* 96 U. S. 279, 24 L. Ed. U. S. 721; *Phillips* v. *Moore,* 100 U. S. 208, 25 L. Ed. 603; *Gospel* v. *New Haven,* 8 Wheat 464, 5 L. Ed. 662; *McKinley Creek Co.* v. *Alaska Mining Co.,* 183 U. S. 563, 46 L. Ed. 331; *Madden* v. *State,* 68 Kas. 658, 75 Pac. Rep. 1023; *Belden* v. *Wilkinson,* 68 N. Y. S. 205; *Smith* v. *Smith,* 74 N. Y. S. 967; *Oregon Mortgage Co.* v. *Carstens,* 16 Wash. 165, 35 L. R. A. 841; *American Mortgage Co.* v. *Tennille,* 87 Ga. 28, 12 L. R. A. 529; *Martin* v. *Wood,* 9 Mass. 377; *McNair* v. *Falan,* 21 Minn. 175; *Educational Society* v. *Varbey,* 54 N. H. 376; *Lee* v. *Salinos,* 15 Texas 495.

The same principle is involved here as in the case of a national bank acquiring land in a way not authorized by law, and when a national bank does this, only the sovereign can complain. *Reynold* v. *First National Bank,* 112 U. S. 405, 28 L. Ex. U. S. 405.

The defendants were undoubtedly barred by the ten-year statute of limitation, from bringing this ejectment suit. The trial court held and found as a fact that the complainant had been in the actual adverse possession of the land in controversy claiming ownership for more than ten years before the commencement of the eject-ment suit; and yet the court held further that notwith-standing the defendants had been out of possession more than ten years, and their cause of action, if they had any, accrued more than ten years before the filing of the eject-ment suit, still they were not barred of their right of recovery. This holding is squarely against the statute section 3090 and 3091, Code of 1906 and 2730 and 2731, Code 1896. In *Railway* v. *Thomas,* 86 Miss. page 43, it is said:

"If the bill shows on its face that the period fixed by the statute stating the bar has elapsed (that is if the bill showed on its face that ten years had elapsed since the cause of action had accrued) in order to avoid demurrer it must show concealed fraud," etc.

That is to say, when a bill seeking to establish a right to or possession of real estate, shows on its face that the cause of action accrued ten years before the filing of the bill it is demurrable, and certainly this holding follows the plain and unambiguous wording of the statute.

*McKnight & McKnight,* for appellee.

(A) . The sale of the lands in dispute, by Roscoe Stinson, as substituted trustee, appointed by John M. Judah, attorney in fact for appellant, in the place of Albert S. Caldwell, the original trustee in the deed in trust from Nathan Bunckley, of date April 26th, 1888, was absolutely void as far as passing title to the lands in dispute is concerned.

The case at bar is, irrespective of the point raised in the above proposition, so identical with the cases of *Allen* v. *Trust Alliance Co.,* 84 Miss. 319 and *Haggart* v. *Wilczinksi,* 143 Fed. Rep. 22, as to justify the assumption that they were made from the same type.

(B)   Appellant, being admittedly a non-resident alien corporation, could not and did not acquire title to the lands in dispute by adverse possession, in the face of the provisions of section 2768 of the Code of 1906.

The provisions of the statute are plain, and the facts of the alienage of the appellant is admitted; therefore, the appellant cannot acquire title by adverse possession.

But, counsel say, admitting this to be true, the fact that the appellant is a non-resident alien corporation can not be availed of, by the appellees, as a defense, but, that the state alone can complain.

All of the cases cited, by appellant in support of this contention, except *Oregon Mortgage Co.* v. *Carstens,* 16

Wash. 165, 47 Pac. 421, decided by a divided court, and *Goon Gan* v. *Richardson,* 16 Wash. 373, 47 Pac. 752, have no application to the instant case, because they all go to support the well settled rule of law with reference to the rights of aliens, as between them and third parties and as to collateral attacks, the purpose of which rule being to protect the alien "from being annoyed at the instance of impertinent and spiteful citizens," but which could not be applied to a citizen who is defending the title to or possession of his own land." *Morrell* v. *Superior Court,* 74 Pac. 686.

The Carstens case and the Richardson case mentioned and excepted above, do bear directly on the question in this case and support the position which appellant is trying to maintain, and they are the only cases to be found, as far as our research has gone, supporting that position, but they have been overruled by the court of the state of Washington in *State ex rel. Morrell* v. *Superior Court of Stevens County,* decided Dec. 1903, and reported in 74 Pac. 686.

Courts will not aid parties to violate the law and obtain title to land which they are not authorized to hold. *Case* v. *Kelly,* 133 U. S. 28.

A non-resident alien cannot acquire nor hold; he cannot acquire so as to hold; he cannot hold so as to acquire.

"It is only by virtue of the municipal law of each state or nation, or the law of civilized nations, which is regarded as a part of the municipal law of each, that aliens have any right beyond the jurisdiction of their native domicile." *Heirn* v. *Birdault,* 8 Geo. Miss. 209.

To allow non-resident alien to acquire title to land by adverse possession, under section 2734, in the face of the prohibition of section 2439, would be to permit the alien to do indirectly and by the proxy of an agent or tenant, that which he may not do directly under the provisions

of section 2439. *Dingey* v. *Paxton,* 60 Miss. 1054; *Kennedy* v. *Saunders,* 90 Miss. 541.

There are four cases cited by the Cent. Dig. bearing upon the question of the right of an alien to acquire lands by adverse possession, which are: *Dudley* v. *Grayson; Piper* v. *Richardson,* 50 Mass. 155; *Overton* v. *Russell,* 32 Barb; *Leary* v. *Leary,* 50 How. Practice N. Y. 122.

The appellant's chain of adverse possession for ten years falls short of the requirements of the statute, in that it has not been actual and continuous for the period of ten years, and does not come up to the test laid down by the following authorities: *McCallahan* v. *Barlow,* 27 Miss. 664; *Adams* v. *Guice,* 30 Miss. 397; *Tegarden* v. *Carpenter,* 36 Miss. 404; *McGehee* v. *McGehee,* 37 Miss. 138; *Nixon* v. *Porter,* 38 Miss. 401; *Wilburn* v. *Anderson,* 37 Miss. 155; *Tush-Ho-Yo-Tubby* v. *Jacob Barr,* 41 Miss. 52; *Hutto* v. *Thornton,* 44 Miss. 166; *Huntington* v. *Allen,* 44 Miss. 668; *Rothshilds* v. *Hatch,* 54 Miss. 555; *Green* v. *Mizell,* 54 Miss. 225; *Davis* v. *Bowman,* 55 Miss. 765; *Dean* v. *Tucker,* 58 Miss. 487; *Alexander* v. *Polk,* 39 Miss. 737; *Jones* v. *Brandon,* 59 Miss. 585; *Metcalf* v. *McCutchen,* 60 Miss. 154; *Golf* v. *Cole,* 71 Miss. 46; *Railroad* v. *Buford,* 73 Miss. 498; *Warren County* v. *Mastronardi,* 67 Miss. 273; *Bently* v. *Callahan,* 79 Miss. 302; *Smith* v. *Cunningham,* 79 Miss. 425; *Gardner* v. *Hinton,* 86 Miss. 604; *Kennedy* v. *Sanders,* 90 Miss. 524; A and E. E. Law, 2nd Ed., vol. 1, pp. 789, 790, 794, 795, 796, 797, 798, 801, 802, 803, 804, 805, 821, 831, 834, 886, 887, 889, 892, and authorities cited, especially at page 892, as to proving adverse possession by general reputation.

Anderson, J., delivered the opinion of the court.

This is a bill by the appellant, Scottish American Mortgage Company, Limited, against the appellees, Ralph P. Butler et al., to enjoin an ejectment suit pending in the circuit court of Franklin county, brought by appellees against appellant for the lands in controversy in this

cause. A demurrer was interposed to the bill and over-ruled in the court below, from which decree an appeal was granted to this court. The question raised by the demurrer was whether the chancery court had jurisdiction. The jurisdiction of the chancery court was by this court upheld. The case as here then will be found reported under the style of *Ralph P. Butler et al.* v. *Scottish American Mortgage Company,* 93 Miss. 215, 46 South. 829. On being remanded, the bill was answered by appellees, testimony was taken and the cause heard on bill, answer and proofs, and a decree rendered from which this appeal is prosecuted.

The bill sets out substantially these facts: That the appellant is a corporation under the laws of Great Britain, domiciled in Edinburgh, Scotland. That on April 26, 1888, Nathan Bunckley, ancestor of appellees, owned the land in controversy, and borrowed from appellant the sum of five thousand dollars, for the payment of which he executed his promissory notes and a deed of trust on the lands involved to secure the same to A. S. Caldwell as trustee. That said indebtedness fell due, and Nathan Bunckley made default in payment thereof, and, the trustee named in the deed of trust failing to execute the trust, one Roscoe Stinson was by John M. Judah, attorney in fact for appellant, appointed substituted trustee, who in accordance with the provisions of the trust deed advertised and sold the lands therein conveyed on December 30, 1892, which were purchased by said John M. Judah as trustee for appellant, to whom, as such trustee, a conveyance was duly executed by such substituted trustee on January 6, 1893. That from the date of appellant's purchase on January 6, 1893, to the time of bringing of said ejectment suit by appellees on April 7, 1907, appellant had been in the open, notorious, adverse possession of said lands under its said deed of purchase, claiming title thereto against the world. That appellant got a good title to said lands by said foreclos-

ure sale and its deed from the substituted trustee. That appellant has a good title to said lands by adverse possession. That appellees have no title because held out of possession for more than ten years. That, if appellant is mistaken in its claim of title by virtue of said foreclosure sale, and also its claim of title by adverse possession, then it is a mortgagee in possession and entitled to enforce a lien against the lands for the payment of its indebtedness, taxes, etc.

The answer denies many of the material allegations of the bill, and sets up that the foreclosure sale under which appellant claims title was void, because the substituted trustee making it had no right to act as such on account of having been substituted by an attorney in fact for the appellant in violation of the terms in the deed of trust, and that appellant is a non-resident alien corporation, and therefore incapable of acquiring title to land by adverse possession. A decree was rendered declaring that appellant had no title to the lands, either by virtue of its purchase at the substituted trustee's sale or by adverse possession, but that it was a mortgagee in possession and entitled to have the lands charged with a lien for the payment of its mortgage indebtedness, taxes, etc., the appellees to be credited with the rents and profits, and directing an accounting to be taken by a master to ascertain the amount due appellant, and decreeing that the injunction against the ejectment suit be made perpetual. The provision in the deed of trust for the appointment of a substituted trustee is in this language: "In case of refusal, neglect, or incompetency to act as said trustee, or his absence from the state, or his decease, then said party of the third part (appellant) or any holder of said note or notes or their legal representatives can at any time they desire, appoint a trustee in place of the said party of the second part, or any succeeding trustee," etc. The fact is Stinson, the substituted trustee, was appointed by John M. Judah,

attorney in fact for appellant. The court's finding of fact in the decree in reference to the adverse possession of appellant is in this language: "That the complainant (appellant) is not entitled to the relief it seeks based upon the adverse possession of the premises in controversy, because that while it is shown to the satisfaction of the court that it, the said complainant, has been in the uninterrupted, undisputed, open, notorious, and continuous adverse possession of the premises in controversy for a period of more than ten years next before the filing of the ejectment suit by the defendants (appellees) in this cause, yet the court adjudges in this regard that the complainant, being a non-resident alien corporation, cannot acquire title by adverse possession, and cannot therefore set up the statute of limitations of ten years."

The questions involved in this case are as follows: (1) Whether the appellant got a good title to the land in controversy by its purchase and deed under the foreclosure sale by the substituted trustee. (2) Whether appellant had been for at least ten years next before the institution of the ejectment suit by the appellees in the actual adverse possession of the land, claiming for that time to be the owner thereof. (3) Whether, if appellant had such possession, so claiming title, its absence from the state prevented the bar of the statute in its favor. (4) Whether appellant, being a non-resident alien corporation, could hold the lands adversely to appellees so as to thereby bar them of their right of recovery. We will consider these propositions in the order set out.

(1) The power conferred by the deed of trust in this case to substitute a trustee is in substantially the same language as that in the deed of trust under consideration in the case of *Allen* v. *Alliance Trust Company,* 84 Miss. 319, 36 South. 285. It was held in that case that the attorney, in fact, of the beneficiary could not appoint a substituted trustee. Under the authority of that de-

cision, the substitution of Stinson, by the attorney in fact for appellant, was void, the sale by such substituted trustee was likewise void, and appellant therefore got no title by virtue of its purchase at such sale and conveyance by the substituted trustee.

(2)    The finding of the chancellor that the appellant had been in the actual adverse possession of the lands, claiming title thereto and receiving the rents from the date of its purchase at the foreclosure sale in 1893 to the time of the institution of the ejectment suit by the appellees in 1907, will not be disturbed; in fact, there is little testimony to the contrary.

(3) The appellant has always been a non-resident alien corporation.    It has never become domesticated in this state.    At the time of its purchase of the land under the foreclosure sale by the substituted trustee, and continuously since, the appellant has been "absent from the state."    Did such absence from the state prevent its pleading the bar of the statute of limitations?    Section 3108, Code 1906, provides:    "If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return."    It is settled by *French* v. *Davis,* 38 Miss. 218, *Dent* v. *Jones,* 50 Miss. 265, and *Lindenmayer* v. *Gunst,* 70 Miss. 693, 13 South. 252, 35 Am. St. Rep. 685, that the statute has no application to a case like this.    As said in *Lindenmayer* v. *Gunst, supra,* referring to section 2478, Code of 1892, of which section 3108, Code 1906, is a rescript, "it applies only where a cause of action accrues in this state, and the person against whom it has accrued goes from and resides out of the state.    A non-resident may acquire title to land by adverse possession held for him by others.    The action against the tenant would give the possession to the true owner, and prevent the ripening of the possession into

title.'" It appears from the record in this case that, covering the period of appellant's adverse possession, there never was a time when appellees could not have instituted ejectment against appellant's tenants to recover the land. Its absence from the state did not prevent such a suit.

(4) The common law, unmodified by statute or treaty, excluded an alien from inheriting lands from a citizen. An alien had no inheritable blood through which title could be transmitted. He could take title by grant or devise, but not by descent. He could take by an act of a party, but not by operation of law. By purchase he got a good title against all persons except the sovereign. Such title was subject to be divested by the sovereign upon an inquest of office found. By operation of law, he could get no title whatever either against other persons or the sovereign. The law alone refused to confer title on an alien, because in so doing the public policy was violated. It would not do the vain thing of casting title on him, and then turn around, at the instance of the state, and forfeit such title. His title acquired by grant or devise he could convey to another, who also could hold it subject to the right of the state to divest it. An alien could take a mortgage on realty to secure a debt, but could not purchase at a foreclosure sale of such mortgage and hold the property as against the state. 2 Kent's Commentaries (14th Ed.) §§ 53-64.

Section 2768, Code 1906 (section 2439, Code 1892), is as follows: "Resident aliens may acquire and hold land, and may dispose of it and transmit it by descent, as citizens of the state may; but non-resident aliens shall not hereafter acquire or hold land, although a non-resident alien may have or take a lien on land to secure a debt, and at any sale thereof to enforce payment of the debt, may purchase the same, and thereafter hold it, not longer than twenty years, with full power during said time to sell the same in fee to a citizen; or he may retain

it by becoming a citizen within that time.   All land held
or acquired contrary to this section shall escheat to the
state; but a title to real estate in the name of a citizen
of the United States, or a person who has declared his
intention of becoming a citizen, whether resident or non-
resident, if he be a *bona fide* purchaser or holder, shall
not be forfeited or escheated by reason of the alienage
of any former owner or other person.''   By this statute
it will be readily seen that certain features of the com-
mon law are modified.   So far as it prohibits non-resident
aliens from acquiring or holding lands in this state, and
in some other respects, it is merely declaratory of the
common law.   It is evident from a view of the whole
statute that it was not the purpose of the legislature to
render absolutely void titles acquired and held by non-
resident aliens in violation of its terms, but, as at com-
mon law, only voidable at the instance of the state.   The
last clause provides that land held by a citizen or per-
son who has declared his intention to become a citizen,
if he be a *bona fide* purchaser, shall not be escheated by
reason of the alienage of any former owner.   In other
words, an alien gets a title defeasible only at the instance
of the state.   If he got no title at all, a *bona fide* pur-
chaser from him would get no title.   His title being
merely voidable, under the statute he conveys a good
title.

   May the owner of land be barred of his right of re-
covery by the adverse possession of an alien under claim
of title for a period of ten years?   Or, putting the same
question differently, may an alien acquire title by adverse
possession against the owner who is a citizen?   Is such
a title one conferred by operation of law, and prohibited
by the principle above stated?   It was held in *Piper* v.
*Richardson*, 9 Metc. (Mass.) 155, that an alien may ac-
quire an indefeasible title to land by adverse possession
sufficiently long (twenty years) to bar a suit by the com-
monwealth to recover the land.   In *Overing* v. *Russell*,

32 Barb. (N. Y.) 263, it was held that, although an alien
could not acquire title to real estate as against the true
owner by adverse possession of twenty years, yet the
statute of limitations would furnish a perfect defense
to an action of ejectment by such owner. And in *Price
v. Greer,* 89 Ark. 300, 116 S. W. 676, 118 S. W. 1009, it
was held: "It seems that at common law an alien could
take lands only by purchase, and not by operation of law.
4 Moore's International Law, p. 34. The statutes of
this state provide that aliens may take lands either by
purchase, by will, or by descent. Kirby's Dig., § 264.
But it is urged that the investiture of title by limitations
is by operation of law, and that the statute does not en-
large the rights of aliens so as to enable them to take
title by this method. It is not correct to say that title
by limitation is taken by operation of law. The statute
of limitations is one of peace and repose, and the effect
of the statute bar is to raise a conclusive presumption
in favor of the possessor of land. 'The title acquired
in such cases,' says a learned author on this subject, 'is
predicated upon the presumption that the party in pos-
session is the real owner, or that the real owner has sur-
rendered or abandoned his claim to the premises, or he
would have asserted his claim thereto within the requi-
site period, to save his right.' Wood on Limitations, §
254." In 1 Cyc. p. 1122, the principle is thus stated:
"Although not capable of holding real property, an
alien may successfully set up the defense of adverse
possession against the true owner." In *Oregon Mort-
gage Company* v. *Carstens,* 16 Wash. 165, 47 Pac. 421, 35
L. R. A. 841, it was held that an alien corporation, holding
a mortgage on land to secure an indebtedness due it
by the mortgagor, could take a deed direct from the
latter in satisfaction of his debt, and such conveyance was
not violative of the Constitution and statute of Wash-
ington, which provided that: "The ownership of lands
by aliens is prohibited in this state except where ac-

quired by inheritance, under mortgage or in good faith in the ordinary course of justice in the collection of debts," etc. Without referring to the case of *Overing* v. *Russell, supra,* the supreme court of New York held in *Leary* v. *Leary,* 50 How. Prac. 122, that adverse possession for the period of twenty years, where the occupant had been an alien for five years of that time, did not confer title.

Sections 2730, 2731, 2732, 2734, and 2755, Code of 1892, which are brought forward in the Code of 1906 into sections 3090, 3091, 3092, 3094, and 3115, respectively, provide as follows:

"3090. A person may not make an entry or commence an action to recover land but within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims; or, if the right shall not have accrued to any person through whom he claims, then within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same," etc.

"3091. A person claiming land in equity may not bring suit to recover the same but within the period during which, by virtue of the provisions hereinbefore contained, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such estate interest, or right in or to the same as he shall claim therein in equity," etc.

"3092. When a mortgagee after condition broken, shall obtain the actual possession or receipt of the profits or rent of land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt," etc.

"3094. Ten years' actual adverse possession by any person claiming to be the owner for that time of any land, uninterruptedly continued for ten years by occupancy, descent, conveyance, or otherwise, in whatever way such occupancy may have commenced or continued, shall vest in every actual occupant or possessor of such land a full and complete title," etc.

"3115. The completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy; but the former legal obligation shall be a sufficient consideration to uphold a new promise based thereon."

In construing section 3092, Code 1906, this court held, in *Little* v. *Teague,* 60 Miss. 115, and in *Tuteur* v. *Brown,* 74 Miss. 774, 21 South. 748, that a mortgagee in possession, receiving the rents and profits, for ten years or more, acquired a perfect title. Our judgment is that under the facts of this case the appellees are barred from recovery by the statute above referred to, and appellant's title is good. Title by adverse possession may be used as a weapon of offense as well as of defense. It is a perfect title. It is as available to the holder for all purposes whatever as a perfect record title. The limitation of the statute bars the right, as well as the remedy. The "true owner" is conclusively presumed to have conveyed his title to the holder of the title by adverse possession. The holder of the title by adverse possession is presumed to be the purchaser, and all inquiry as to whether he is or not is cut off by the statute. As against his adversary, he is presumed to have a perfect record title, from the patent by the government down. Title by adverse possession is not title "by operation of law." It is title by purchase. In order to acquire such a title, the active agency of the claimant is necessary. He must have held the land adversely, claiming title thereto for the statutory period. The title is not cast on him "by operation of law" alone. It is a

title given by law by virtue of a certain state of facts, brought about by the person on whom it is conferred. That is not true of title by descent, which is title by operation of law alone. The appellant, as mortgagee of the land, had the right under the statute to purchase at the mortgage sale and become owner. It had the right to receive a deed from the grantor in satisfaction of the mortgage debt. Failing to get a good title at the foreclosure sale, its possession under the mortgage and receipt of the rents and profits was legal. Such possession and receipt of the rents and profits, having been continued for more than ten years, adversely, under claim of title, ripened into a perfect title as against appellees. The appellant's purchase at the foreclosure sale is conclusively presumed to have been legal. Since preparing the above opinion, the Circuit Court of Appeals for the Fifth Circuit, in *A. N. Bunckley et al.* v. *Scottish American Mortgage Company, Ltd.* (No. 2,070), 185 Fed. —, which is another branch of this same litigation, has reached the same conclusion as to the last proposition this court did. The court said in that case: "The only debatable proposition is in regard to the appellee's rights as an alien owner of title to the lands in controversy, as to which we conclude that, under section 2768, Code of Mississippi (1906), and other sections cognate thereto, the appellee, having acquired the lands by purchase at a sale to enforce the payment of a lien debt legally held by it, is the legal owner and holder, subject only to the right of the state to escheat the same after twenty years' holding, and that, as such owner and holder, it is entitled to all the protection and defenses available to other legal owners of land, and therefore that, when its title is attacked or questioned, it may benefit by showing adverse possession, under title for a period of ten years."

*Reversed and decree here for appellant.*