## LOVERIDGE v. SHURTZ.

1. LAND CONTRACT—TIME OF PERFORMANCE—PAROL EXTENSION.
   It is competent for the parties to a contract for the conveyance of land requiring the deed to be executed on a specified day to extend the time by parol.

2. SAME—DESCRIPTION—DEFINITENESS.
   A contract for the sale of land, providing for payment by the purchaser of a specified part of the purchase price by the assignment of "a certain mortgage now held by him for that amount," is not so indefinite as to be incapable of specific enforcement, where ownership of the mortgage is admitted by the defendant, and it is clearly identified by the proofs.

3. MORTGAGES—ASSIGNMENT.
   The assignment of a mortgage includes and carries with it the notes to which it is collateral.

4. SPECIFIC PERFORMANCE—VENDOR'S LIEN.
   The vendor in a land contract which is repudiated by the vendee is entitled, upon obtaining a decree for specific performance, to a lien upon the land for the unpaid purchase money.

Appeal from Branch; Yaple, J. Submitted January 6, 1897. Decided February 18, 1897.

Bill by Noah P. Loveridge against Fred Shurtz for the specific performance of a land contract. From a decree for complainant, defendant appeals. Affirmed.

Complainant and defendant, on November 11, 1893, entered into a written contract, by which complainant agreed to sell to defendant certain lands. The consideration was $5,000, to be paid by an assignment of a mortgage for $1,900, then owned by the defendant, and the execution of a mortgage for $3,100 upon the land to be conveyed. The deed was to be executed November 15, 1893, and the assignment and mortgage to be then executed. Complainant had previously contracted to sell this land to other parties. They had failed to carry out the contract. Complainant was, on said 11th day of November, negotiating with his former contractees for a settlement of that contract. On the morning of November 15th he secured a settlement with them, and was in condition to convey a good title by deed to the defendant. On the morning of that day, defendant went to complainant's office before he had concluded a settlement with the other parties. Complainant gave evidence tending to show that the execution of the papers between him and defendant was mutually postponed. Defendant gave evidence tending to show that the contract was mutually abandoned at that time. A few days after, complainant tendered defendant a deed, and demanded the execution of the contract. This was denied, and the complainant thereupon filed this bill to specifically enforce the contract. The court entered a decree for the complainant, directing the defendant to assign the mortgage, and, if any payments thereon had meanwhile been made, that defendant pay the difference in cash; that he execute the mortgage for the balance; and that,

in default thereof, the premises be sold, and a decree entered against the defendant for the deficiency.

*Campbell & Johnson*, for complainant.

*Champion & Champion* (*John B. Shipman*, of counsel), for defendant.

GRANT, J. (*after stating the facts*). 1. It was entirely competent for the parties to extend the time to execute the contract by the execution of the necessary papers, and, if the testimony of complainant be true, this was done. Possession was not to be delivered until March 1, 1894. The only disputed question of fact was whether there was a mutual abandonment of the contract. The case was heard in open court. The parties were in direct conflict upon this point, and we see no reason to disagree with the conclusion of the circuit judge, who heard and saw the witnesses.

2. It is insisted that the mortgage is not sufficiently described in the contract. The description is as follows: " Nineteen hundred dollars on the 15th day of November, 1893, which is to be paid by the assignment of a certain mortgage now held by Shurtz for that amount." The answer admits the agreement, and that he then owned the mortgage. The proofs clearly identify it. The contention is therefore without force. The assignment of the mortgage would also include and carry with it the notes to which it was collateral.

3. The learned counsel for the defendant insist that the decree is based upon the idea that the title to the property had passed to the defendant; that, in fact, the title had not passed, but remained in complainant; that complainant can have no lien upon his own property, and therefore the decree cannot be sustained. The decree establishes the existence of the contract, and that the defendant has an interest in the land. A vendor, as well as a vendee, is entitled to specific performance. If the defendant had made large payments, the complainant

would be entitled, upon failure to make further payments when due, to file his bill for specific performance, and in the nature of a foreclosure bill, and in such case would be entitled to a sale of the land and decree for deficiency. *Clark* v. *Hall*, 7 Paige, 385; *Corbus* v. *Teed*, 69 Ill. 205.

4. It developed upon the hearing that the defendant had sold and assigned the mortgage. The decree permits him to obtain the mortgage, and assign it to complainant, and, in default thereof, to pay the $1,900 in cash, and to execute the mortgage for the residue. If he declines this, then the decree treats the whole as due, and authorizes a sale for the entire amount. This is equitable and right.

The decree is affirmed, with costs.

The other Justices concurred.