Argued April 7; decided June 20, 1898.

## FELLOWS *v.* EVANS.

[52 Pac. 491]

1. Vendor and Purchaser.— A grantor is not chargeable with false and fraudulent representations concerning the title to land conveyed, although he said the title was perfect, when all the facts within his knowledge were communicated to the grantee prior to the purchase, since his statement was but an expression of opinion based on such facts.

2. Fraud — Rescission of Sale.—In the absence of fraud, an executed sale of real estate will not be rescinded for failure of title, but the purchaser must look for protection to the covenants of the deed.

3. Adverse Possession.— An adverse possession of public land, with a claim of exclusive title thereto as a homestead, for more than ten years, except as against the United States, vests a perfect title in the occupant, as against one who had obtained a patent before such occupancy: *Parker* v. *Metzger*, 12 Or. 407, approved.

From Douglas : J. C. Fullerton, Judge.

Suit by R. A. Fellows against S. D. Evans, wherein defendant prevailed and plaintiff appealed.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. C. A. Sehlbrede.*

For respondent there was a brief over the names of *Wm. R. Willis* and *Andrew M. Crawford,* with an oral argument by *Mr. Willis.*

MR. JUSTICE BEAN delivered the opinion.

This is a suit to rescind an executed sale of land alleged to have been brought about by fraud, to compel a return of the purchase money, to recover $450 for improvements placed on the land by the plaintiff, and $500 as damages on account of such fraud. The facts are that on October 12, 1889, the plaintiff purchased of defendant two hundred and forty acres of land in Douglas County, for $2,300, and received a deed therefor containing the usual covenants of warranty, and immediately entered into and has ever since remained in the quiet and uninterrupted possession thereof; that upon learning, in the spring of 1894, of a defect in the record title to forty acres of the land, he offered to reconvey the property, and, without being ousted or disturbed in his possession, demanded the return of the purchase money, and a rescission of the sale, which being refused, he brought this suit, and, failing in the court below, appeals.

1. The gist of his contention is that the defendant falsely and fraudulently represented to him that the title to the land was perfect, when, in fact, he had no title whatever to forty acres thereof. But in this position he is not, in our opinion, supported by the testimony. There is not, as we read the record, a particle of evidence even tending to show that there was any misrepresentation or concealment by the defendant as to the title. All the

facts within his knowledge were fully communicated to the plaintiff prior to the purchase, and, while he may have said the title was perfect, it was but an expression of opinion based on such facts.

2.    The defect in the title arises out of the fact that at the time of the sale the patent to a forty-acre tract, settled upon by the defendant's grantor, in 1879 as a homestead, had not been issued, although the final proof had been made and accepted, and final certificate issued.    These facts were explained to the plaintiff, and the title was supposed by all parties to be good, and that the patent would issue in due course of business.    But in April, 1894, the plaintiff having contracted to sell the land to a purchaser who demanded an abstract of the title, it was discovered for the first time that the forty-acre tract had been patented by mistake, as subsequently claimed by the land department, to the Coos Bay Military Wagon-Road Company four years before it was settled upon by the homestead claimant, and it is for this reason that plaintiff seeks to rescind the sale and recover his purchase money.    But this defect can, at most, amount to nothing more than a failure of title ; and the law is well settled that, in the absence of fraud, an executed sale of real estate will not be rescinded for that cause, but in such case the purchaser must look for protection to the covenants of the deed : *Earle* v. *De Witt*, 6 Allen, 520 ; *Slocum* v. *Bracy*, 56 Minn. 249 (56 N. W. 826) ; 2 Suth. Dam. p. 253.    In this view, plaintiff is not entitled to the relief demanded.

3.    But, in addition, the evidence shows and the court below found that the defendant and his grantors had been in the adverse possession of the disputed tract of land, claiming title thereto as against all the world ex-

cept the United States, for more than ten years prior to such sale, which was sufficient to vest in him a perfect title as against the wagon road company : *Parker* v. *Metzger*, 12 Or. 407–413 (7 Pac. 518). And, as he had the title of the government, it would seem that he was not even mistaken in asserting, at the time of the sale, that his title was perfect. So, however we may regard this case, there is no equity in the bill, and the decree of the court below must be affirmed.

AFFIRMED.

Decided at PENDLETON, August 13, 1898.