(128 App. Div. 203.)

### CLARKE et al. v. WOOLPORT.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. ADVERSE POSSESSION—EVIDENCE.

A grantor of land, who had no record title to the same, had been in possession of the premises conveyed for some 25 years before conveying them to his son. Plaintiffs acquired, by successive conveyances, a perfect record title from the son, and they and their grantors had been in undisturbed possession for more than 50 years. The original grantor had conveyed without being joined by his wife, but she died before the grantee in such original deed took possession. *Held,* that plaintiffs had good title by adverse possession.

2. VENDOR AND PURCHASER — MARKETABLE TITLE—TITLE BY ADVERSE POSSESSION.

One having valid title to land by adverse possession has such a marketable title as to entitle him to compel specific performance of a contract of sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 247.]

Action by Harry I. Clarke and another against John Woolport to compel specific performance; the case being submitted upon admitted facts. Judgment for plaintiffs.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Mann & Buxbaum, for plaintiffs.
Jacob Schauf, for defendant.

RICH, J. In October, 1907, the parties entered into a contract for the purchase and sale, respectively, of real property situate in the town of Hempstead, Long Island, the deed thereof to be a full-covenant warranty deed conveying the absolute fee of the premises free from all incumbrances. The time fixed for the closing of title was adjourned from time to time until February 17, 1908, when the parties met, and the defendant refused to receive the deed tendered him by plaintiffs and to consummate his contract, upon the ground that the title tendered was not marketable. It appears that on April 24, 1852, one Ezekiel

Langdon conveyed 16 acres of land, including the premises in question, to his son Jesse Langdon; the deed being properly recorded on May 3, 1852. The grantor's wife did not unite with him in the execution of this deed, and this postponed possession on the part of the grantee until the death of the grantor, which occurred .the same year. From the time of the record of said deed down to the time of the tender of the deed by plaintiffs to the defendant the record title is conceded to be complete and perfect. There is no record proof or documentary evidence of the rightful ownership of the premises in question by Ezekiel Langdon, and no evidence conclusively establishing his right or ability to give a good title to said premises. The plaintiffs succeeded to the title of Langdon by acquiring title to the property through two deeds—each conveying a different parcel—the first being executed on November 27, 1886, and the second on August 25, 1890, each being duly recorded within a month after its execution.

Several affidavits of aged persons, who were personally acquainted with Ezekiel Langdon and his son Jesse in their lifetime, and had resided in the immediate vicinity of the premises and been familiar with them their entire life, were submitted to the defendant at the time of tendering the deed, from which it appears that the premises came into the possession of Ezekiel Langdon by purchase, and that he had resided upon and been in the undisputed and undisturbed possession of them for some 20 or 25 years before he conveyed them to his son Jesse; that the latter went into possession under the deed from his father, and remained in the occupancy and possession, undisturbed and undisputed, thereof from the time of his father's death in 1852 until he conveyed them to William Davison—the plaintiff's grantor—in 1869; and that the affiants never heard the title of Ezekiel Langdon or any of the succeeding grantees to said premises, or any portion thereof, questioned. One of the persons making such affidavits was a grandson of Ezekiel, 89 years of age, and one the widow of Jesse Langdon, the grantee of Ezekiel. There has been a perfect record title to the premises in the plaintiffs, their grantor, Davison, and his grantor, Jesse Langdon, under which they have occupied and been in the undisturbed and undisputed possession of the premises for more than 50 years prior to the time the deed of plaintiffs was tendered, and during that entire period of time, and during the occupancy and possession of Ezekiel Langdon, some 20 or 25 years more, no person has made any claim of ownership or right of possession to the premises, other than those from whom the plaintiffs derive their title. A valid title by adverse possession is established, and this brings the case within the rule declared in Freedman v. Oppenheim, 187 N. Y. 101, 79 N. E. 841, 116 Am. St. Rep. 595, in which the case of Simis v. McElroy, 160 N. Y. 156, 54 N. E. 674, 73 Am. St. Rep. 673, relied upon by the defendant, is clearly explained and distinguished, and in which Judge O'Brien, who wrote for the court in the latter case, concurs with his associates.

The contention based upon the .fact that the wife of Ezekiel Langdon did not unite with her husband in the conveyance to the son Jesse is without force, because it appears that she is long since deceased. The plaintiffs are entitled to judgment decreeing the specific performance

by the defendant of his contract for the purchase of the premises, with costs.

Let judgment be entered accordingly.

Judgment for the plaintiffs on submission of controversy, with costs. All concur.