THE R. E. L. McCASKILL COMPANY, A CORPORATION, AND W. M. PATTERSON, *Appellants*, v. M. L. DEKLE, *Appellee*.

THE R. E. L. McCASKILL COMPANY, A CORPORATION, *Appellant*, v. M. L. DEKLE AND W. M. PATTERSON, *Appellees*.

Division B.

Opinion Filed October 22, 1924.

. Petition for Rehearing Denied November 26, 1924.

1. Title to lands may be acquired, not only as against strangers but also as against former owners, as effectively as if there had been a formal conveyance, by the exclusive adverse possession of such land, maintained and continued under claim of title for the statutory period.

2. The purchaser of land, where the contract calls for no more than "a good and sufficient warranty deed," is not entitled to a rescission, nor can he avoid specific performance of his contract to purchase, 'on the ground that the vendor's title rests wholly or partially upon parol proof of 'adverse possession, where exclusive adverse possession may, for the statutory period, be so clearly proved as to be free from doubt.

3. The remedy by specific performance is mutual as between the vendor and the vendee, and where this remedy is sought by the vendor it makes no difference that the relief obtainable thereby enforces payment by the vendee of the agreed purchase price.

4. In a suit by the vendor for the specific performance of a contract to convey land, where, in accordance with the terms of the decree, the land is sold and the proceeds applied in part payment of the purchase price, no lien being involved, the entry of a deficiency decree for the balance is unauthorized.

5. The enforcement in equity of performance of a contract to convey land is not a matter of course like the right to enforce a lien in equity or to recover a judgment at law, but rests in the sound discretion of the court, controlled by well established doctrines of equitable jurisprudence.

6, The opinion evidence of expert witnesses as to the value of services rendered by an attorney is not conclusive, and a large discretion in fixing the amount of fees awarded is vested in the chancellor but where, under all the circumstances, the fee allowed to an attorney by a chancellor appears excessive, the decree awarding it should be reversed.

7. Courts will take judicial notice of the fluctuating values of real estate.

8. It is a common knowledge within judicial cognizance that between the year 1918 and the year 1922 there was a deflation of land values in the locality in which the land involved in this litigation is situated.

Appeals from the Circuit Court for Jackson County; C. L. Wilson, Judge.

Reversed.

*W. W. Flournoy,* for Appellants;

*Paul Carter* and *Carter & Yonge,* for Appellees.

*E. C. Maxwell,* representing W. M. Patterson.

WEST, J.—These appeals are in the same suit. The first is from a final decree. The second is from an order of confirmation of sale made under this final decree. For convenience they are considered together.

On November 11, 1918, Matthew L. Dekle and William Marshall Patterson° entered into a contract in writing by which the former contracted to sell and convey and the

latter to purchase certain farm land and personal property in Jackson County, Florida. On July 2, 1920, Patterson, joined by his wife, assigned and transferred his interest in the contract to the R. E. L. McCaskill Company, a corporation. Payment of installments of the agreed purchase price maturing prior to the time of the assignments were made by the vendee, but an abstract of the title having been obtained and it disclosing that the record title to the land, or parts of it, which was the subject of the contract, was imperfect, the assignee, R. E. L. McCaskill Company, declined to make further payments and brought suit against Dekle to rescind the contract and recover from him amounts paid on account of the purchase price and other amounts alleged to have been paid by complainant for abstracts and other expenses incurred in an investigation made by it to ascertain the condition of the title to the land.

By answer defendant Dekle admitted making the contract with Patterson, denied that he had consented to its assignment to the R. E. L. McCaskill Company or released Patterson from his obligation thereunder, averred that he, Dekle, held and owned, under a valid fee simple title, the land agreed to be conveyed, prayed that Patterson be made a party defendant to the suit, that the contract for the purchase of the land be specifically enforced and performed, that Patterson and the R. E. L. McCaskill Company be required to pay the balance due on the purchase price in accordance with the contract, together with reasonable solicitor fees, as provided by the contract, to the solicitor for defendant Dekle, upon the delivery by him of a good and sufficient warranty deed of conveyance for said land, which deed he offered to make and deliver to the vendee Patterson, or the assignee complainant, R. E. L. McCaskill Company, and, upon default in the payment

of said balance by them, the land be sold and the proceeds derived therefrom paid over to defendant Dekle on the contract price, and if there be a deficiency that defendant Dekle have a judgment or decree against complainant R. E. L. McCaskill Company and defendant Patterson for such balance.

Upon final hearing the court found the equities of the cause to be with defendant Dekle and against complainant R. E. L. McCaskill Company and cross-defendant Patterson, and entered a decree in accordance with the prayer contained in the answer.

This first appeal is from the final decree. Errors are assigned generally upon the decree, and specifically upon the allowance of counsel fees for the attorney of the defendant.

By the terms of the contract Dekle, the vendor, agreed that upon the prompt payment of all installments of the purchase price as therein stipulated and agreed, he would make, execute and deliver to Patterson, the vendee, "a good and sufficient warranty deed of conveyance" for the property contracted to be sold and conveyed. During the taking of evidence it was stipulated between the parties "that the defendant, M. L. Dekle, has present at this time, witnesses by whom he will be able to prove and can prove, if such parole evidence be admissible, that he and his predecessors in title, have for more than thirty years prior to November 11, 1918, had actual possession by substantial enclosure, by cultivation and improvement, of all the lands embraced in the contract of November 11, 1918, between M. L. Dekle and W. M. Patterson, claiming same under instruments constituting color of title, and that such possession was actual, open, notorious, continuous, adverse and exclusive during said period of time and that defendant and his said predecessors have claimed the fee simple title

to all of said lands during said period, and no other person has claimed or asserted any right, interest or title as against them during such time, or since. * * * that if such facts are held to be admissible in evidence in this cause, they shall be treated by the Court in the same manner as if they were given in evidence by witnesses produced by M. L. Dekle and sworn and examined at this hearing.''

In logical order the question first to be decided is whether a duly executed conveyance of the vendor by ''warranty deed'' to the vendee, or his assignee, would amount to performance by the vendor of the contract by which he obligated himself to convey by ''a good and sufficient warranty deed'' the land described, it being admitted that he and his predecessors in title had, at the time of making the contract, been in the actual adverse and exclusive possession under color of title, claiming title to the land for a period of years sufficient under the statute to acquire title thereto, even against persons under the disabilities of imprisonment, insanity or infancy.

That title may be acquired by the exclusive adverse possession of land maintained and continued for the statutory period under claim of title, not only as against strangers, but also as against former owners as effectively as if there had been a formal conveyance, and that such title is marketable, are established in this jurisdiction and generally. §2935, §2937, Rev. Gen. Stat.; Horne v. Carter, 20 Fla. 45; Skinner Mfg. Co. v. Wright, 56 Fla. 561, 47 South. Rep. 931; 1 R. C. L. 689; 39 Cyc. 1460.

This case is differentiated from the case of Barclay v. Bank of Osceola County, 82 Fla. 72, 89 South. Rep. 357, in that the contract involved here bound the vendor to make, execute and deliver to the vendee ''a good and sufficient warranty deed of conveyance'' for the land con-

10—Vol. 88.

tracted to be sold, whereas, in that case the contract of purchase required ''an abstract showing a merchantable fee simple title'' in the vendor to the land contracted to be conveyed.

In Felt v. Morse, 80 Fla. 154, 85 South. Rep. 656, the sale was subject to ''perfect title in the vendor'' and it was held that since the contract called for a perfect title, not a perfect record title, specific performance of the contract could not be successfully resisted on the ground that the record title of the vendor was defective where the lapse was capable of being and was' promptly supplied by parol proof of adverse possession under color of title for the statutory period required to establish ownership.

Under a contract for the sale and purchase of land which does not call for an abstract or record title, but for no more than ''a good and sufficient warranty deed,'' the purchaser cannot avoid specific performance of his contract to purchase on the ground that the vendor's title rests wholly or partially upon parol proof of adverse possession, where adverse possession may, for the statutory period, be so clearly proved as to be free from doubt. There are exceptions (Cross v. Buskirk-Rutledge Lbr. Co., 139 Tenn. 79, 201 S. W. Rep. 141, Ann. Cas. 1918D 983; Shelton v. Ratterree, 121 Ark. 482, 181 S. W. Rep. 288), but this rule is established by the great weight of authority. Revol v. Stroudback, 107 La. 295, 31 South. Rep. 665; Scottish Am. Mort. Co. v. Butler, 99 Miss. 56, 54 South. Rep. 666; Waddell v. Latham, 71 Miss. 351, 15 South. Rep. 32, 42 Am. St. Rep. 467; Baker v. Oakwood, 123 N. Y. 16, 25 N. E. Rep. 312; Clarke v. Woolport, 112 N. Y. Supp. 547; Freedman v. Oppenheim, 187 N. Y. 101, 79 N. E. Rep. 841; Conley v. Finn, 171 Mass. 70, 50 N. E. Rep. 460; Tewksbury v. Howard, 138 Ind. 103, 37 N. E. Rep. 355; Jackson v. Creek, 47 Ind. App. 541, 94 N. E.

Rep. 416; Bear v. Fletcher, 252 Ill. 206, 96 N. E. Rep. 997; Herbold v. Montebello Building etc. Assn., 113 Md. 156, 77 Atl. 122; Potomac Lodge v. Miller, 118 Md. 405, 84 Atl. 554; Warne v. Greenbaum (N. J.) 101 Atl. 568; Barger v. Gery, 64 N. J. Eq. 263, 53 Atl. 483; Nelson v. Jacobs, 99 Wis. 547, 75 N. W. Rep. 406; Barnard v. Brown, 112 Mich. 452, 70 N. W. Rep. 1038, 67 Am. St. Rep. 432; Fellows v. Evans, 33 Ore. 30, 53 Pac. Rep. 491; Keepers v. Yocum, 84 Kan. 554, 114 Pac. Rep. 1063; Watkins v. Pfeiffer, 29 Ky. L. 97, 92 S. W. Rep. 562; Huber v. Johnson, 174 Ky. 697, 192 S. W. Rep. 821; Miller v. Cramer, 48 S. C. 282, 26 S. E. Rep. 657.

The conclusion seems inevitable that upon the showing made, including the stipulation of defendant Dekle's actual, exclusive, adverse possession under color and claim of title to the land for more than thirty years, complainant was not entitled to a rescission of the contract nor to a recovery of the several amounts paid thereunder, nor the amounts expended in the investigation of the status of the record title.

On the other hand, when vendor Dekle tendered to the vendee Patterson, or his assignee, R. E. L. McCaskill Company, a duly executed warranty deed, that is to say, "a good and sufficient warranty deed" for the land contracted to be conveyed by him, with proof of his ownership and title, as shown by the stipulation, he placed himself in position to demand performance of the contract, and it makes no difference that the result is to enforce payment of the purchase price, since the remedy of specific performance is mutual as between vendor and vendee. Morgan v. Eaton, 59 Fla. 562, 52 South. Rep. 305, 138 Am. St. Rep. 167; Yulee v. Canova, 11 Fla. 9; Old Colony R. R. Co., 6 Gray 25, 66 Am. Dec. 394; Andrews v. Sullivan, 2 Gilman 327, 43 Am. Dec. 53; Freeman v. Paulson, 107

Minn. 64, 119 N. W. Rep. 651; 131 Am. St. Rep. 438; Kerr
Co. v. Nygren, 114 Minn. 268, 130 N. W. Rep. 1112; Farm
& Land Co. v. Roseman, 93 S. C. 350, 76 S. E. Rep. 979;
Clark v. Cagle, 141 Ga. 703, 82 S. E. Rep. 21.

The court found that there was due under the contract
for purchase money and interest thereon for the property
agreed to be sold "the sum of $43,359.05/100 for such
principal and interest * * * and the further sum of
$4,335.90 for attorney's fees to the said defendant M. L.
Dekle" and decreed that he do recover said sums, to-
gether with the costs, from the said R. E. L. McCaskill
Company and the said Patterson, and ordered that the said
Dekle deposit with the clerk of the court a good and suf-
ficient warranty deed conveying said property in fee
simple to said R. E. L. McCaskill Company, to be deliv-
ered upon the payment by said company to said clerk for
the said Dekle the sums of money found to be due, with
such additional sums as were sufficient to cover the costs
of the proceedings. And said R. E. L. McCaskill Company
and said Patterson were required to deposit with the clerk
of the court, within five days from the date of the decree,
the amounts so found to be due by them, and in addition
thereto a sum sufficient to cover all costs of the proceedings
and to redeem the tax certificates against the said land,
upon the payment of which said amounts the clerk was di-
rected to deliver the deed made by said Dekle to said R. E.
L. McCaskill Company. It was further decreed that in de-
fault of the payment by said R. E. L. McCaskill Company
or said Patterson of the amounts required to be paid, that
they be foreclosed of all rights and equities in and to the
said land, which was ordered sold by a special master
named in said decree, and from the proceeds derived from
said sale the special master was directed to pay the costs
of the proceeding, taxes upon the land, the amounts de-

creed to the defendant Dekle, with interest, and the surplus, if any, to the complainant R. E. L. McCaskill Company and cross defendant Patterson. The decree contains the following paragraph:

"That if the proceeds of said sale shall be insufficient to pay the amounts by this decree provided to be paid, the defendant, M. L. Dekle, shall be entitled to a deficiency decree against said R. E. L. McCaskill Company, a corporation, and Wm. Marshall Patterson for any such amount remaining due, after the application of the net proceeds of said sale in reduction of said amounts."

The amount decreed to be paid into the registry of the court was never paid. There was a sale of the land by the special master. The second appeal is from an order of confirmation of this sale. Errors are assigned generally upon the order of confirmation and specifically upon the finding of a deficiency due the defendant Dekle after applying the proceeds of the sale to the amount found to be due, and the award of an execution in favor of defendant Dekle and against complainant R. E. L. McCaskill Company and cross-defendant Patterson. The paragraph of the order containing this finding and award is as follows:

"And it further appearing to the Court that there is a deficiency between the amount of said final decree, interests, costs, taxes and solicitor's fees, and the amount realized at said sale, amounting to the sum of thirty thousand three hundred sixty-nine and 97/100 dollars, for which the defendant and cross-complainant, M. L. Dekle, is entitled to judgment against the complainant and cross-defendant, the R. E. L. McCaskill Company, a corporation, and the cross-defendant, Wm. Marshall Patterson, it is ordered, adjudged and decreed that the said defendant and cross-complainant, M. L. Dekle, do have and recover of and from the complainant and cross-defendant, The R. E. L.

McCaskill Company, a corporation and cross-defendant, Wm. Marshall Patterson, the said sum of thirty thousand three hundred sixty-nine and 97/100 dollars, for which let execution issue, to be levied of all and singular the goods, and chattels, lands and tenements of the said The R. E. L. McCaskill Company, a corporation, and the said Wm. Marshall Patterson, and to the said M. L. Dekle rendered.''

It is strongly urged that the allowance and entry of a deficiency decree in this class of cases is unauthorized, and this contention seems to be well taken. That the final decree entered is in accordance with the settled practice in other jurisdictions must be conceded. Morgan v. Lewis, (Miss.) 82 South. Rep. 7; Bockleman v. Spires, (Neb.) 193 N. W. Rep. 334; Heins v. Thompson & Flieth Lbr. Co., 165 Wis. 563, 163 N. W. Rep. 173; Loveridge v. Shurtz, 111 Mich. 618, 70 N. W. Rep. 132. But whatever may be the procedure elsewhere, it is established here that there is no authority for entering deficiency decrees in other proceedings than in suits in equity to foreclose mortgages or other liens. Rule 89, Rules of Circuit Court—Equity; Chap. 7839, Acts of 1919; Johnson v. McKinnon, 54 Fla. 221, 45 South. Rep. 23. In the case cited this court considered the question and reached the unanimous conclusion that a deficiency decree entered in a suit other than the foreclosure of a mortgage in equity was not voidable, but void. The decision in that case is controlling. And since no reason is apparent for modifying the views then entertained and expressed by the court, it is not conceived that further discussion of the question would be profitable. Even in suits to foreclose mortgages or other liens the right to a deficiency decree is not absolute. Etter v. Bank of Florida, 76 Fla. 203, 79 South. Rep. 724; Realty Mortgage Co. v. Moore, 80 Fla. 2, 85 South. Rep. 155. Chapter 7839,

Acts of 1919, applies to "suits to foreclose mortgages or other liens," not to suits for specific performance of contracts to purchase land.

Furthermore, the enforcement of a contract in equity is not a matter of course, like the right to recover a judgment at law, but rests in the sound discretion of the court, controlled by well established doctrines of equitable jurisprudence. Where to do so would be harsh, inequitable, and against good conscience, specific performance will not be decreed. Murphy v. Hohne, 73 Fla. 803, 74 South. Rep. 973; Gaskins v. Byrd, 66 Fla. 432, 63 South. Rep. 824; Rose v. Henderson, 63 Fla. 564, 59 South. Rep. 138; Pensacola Gas Co. v. Pro. Munic. of Pensacola, 33 Fla. 322, 14 South. Rep. 826; Chaplin v. Korber Realty (N. M.), 224 Pac. Rep. 396; Sommerville v. Coppage, 101 Md. 519, 61 Atl. Rep. 318.

The amount found to be due to the defendant Dekle under the contract, principal and interest, is $43,359.05. The record discloses that defendant Dekle received from the vendee $10,500 on the agreed purchase price for the property before the assignment of the contract; that at a sale of the land by a special master under the final decree Dekle was the purchaser at the price of $20,000, thus recovering the property itself which was the subject of the contract, and upon a report of the sale by the special master, was awarded a judgment against the assignee complainant, R. E. L. McCaskill Company, and vendee cross-defendant, Patterson, for the sum of $30,369.97, the deficiency after crediting on the decree the amount bid for the property. The defendant having received $10,500 on the purchase price and recovered the land, which was the subject of the contract, by purchase made under the final decree, a deficiency judgment in addition, for an amount in excess of the bid for the property at public sale, would

seem to be inequitable and more than the defendant could, in a court of equity, in good conscience demand.

The contract contains an agreement by the vendee to pay an attorney fee of 20 per cent in the event of suit brought by the vendor to enforce the provisions of the contract. There is a prayer in the answer of defendant Dekle, the vendor, who seeks the enforcement of the contract, for "reasonable solicitor fees for the solicitor of defendant." The final decree awards as attorney fees to defendant Dekle a sum equal to 10 per cent of the amount found to be due him, "the court finding the amount above named to be reasonable for attorney fees from the evidence." There is in the record evidence of a witness, who is a member of the bar practicing at Marianna, to the effect that he would consider 10 per cent. "of the balance due" under the contract (meaning apparently the amount of the deficiency decree) a reasonable fee for the attorney for the defendant.

The award of attorney fees is always a delicate matter. No hard and fast rule for measuring or testing the reasonableness of the fee to be decreed has been found. It is well settled that the opinion evidence of witnesses in such cases is not conclusive and that a large discretion rests in the court, who should take care that a reasonable charge only, under all the pertinent circumstances of the case, be allowed. Evors v. Bryan, 77 Fla. 399, 81 South. Rep. 513; Flournoy v. Smith, 84 Fla. 553, 94 South. Rep. 503.

It is a matter of common knowledge, within judicial cognizance, that land values in the locality or section in which the property is involved in this litigation is located were much higher at the time of the contract of sale in 1918 and in 1920, the time of the assignment of the contract, than they were at the time of the final decree, November 4, 1922, and since. Knight v. Empire Land Co., 55

Fla. 301, 45 South. Rep. 1025; Shefrin v. Wilensky (N. J.) 111 Atl. Rep. 660; Hollaer v. Puckett (Tex.), 232 S. W. Rep. 914; West v. Giesen (Tex.), 242 S. W. Rep. 312; Jefferson v. Souter, 150 Ark. 55, 233 S. W. Rep. 804; Stephens v. Wood (Ia.), 195 N. W. Rep. 239; McFarland v. Hanes, 286 Fed. 937. This is a material fact not to be overlooked in fixing the amount of attorney fees. The amount bid for the property at the public sale may not be its true value. This amount, plus the payments made by the original vendee under the contract of purchase and received by the vendor, may be a more just valuation. So considered, an attorney fee of an amount approximately equal to 10 per cent. of the value of the property involved at the time of the final decree would be $3,000. Upon this theory the amount allowed in the decree is excessive.

For the errors pointed out the decree and order appealed from are reversed for further proceedings.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.

On Petition for Rehearing.

PER CURIAM.—The effect of the decree and opinion of this Court in this cause, in order to equitably enforce the appellee, Dekle's right to specific performance, is to reverse that portion of the decree awarding a deficiency amount to the appellee as being unauthorized by rule or by equitable principles applicable to this case, and to modify the allowance of attorneys' fees as stated in the opinion, a copy of which opinion will under the statute be trans-

mitted to the lower court with the mandate.    Sec. 2922, Rev. Gen. Stats. 1920.   A resale of the property at a higher price not in excess of the balance due on the contract would be for the benefit of the appellee.

Chapter 7839, Acts of 1919, applies to ''suits to foreclose mortgages or other liens.''   The decree herein is for specific performance of a contract to purchase land.

·Rehearing denied.

All concur.