418 So.2d 1201 (1982)
FRANK SILVESTRI, INC., et al., Appellants,
v.
HILLTOP DEVELOPERS, INC., Appellee.
No. 81-1184.
District Court of Appeal of Florida, Fifth District.
September 1, 1982.
*1202 James A. Fowler of Fowler, Williams & Airth, P.A., Orlando, for appellants.
Arthur J. Ranson, III, of Robertson, Williams, Duane, Lewis & Ranson, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants, the defendants below, appeal from a judgment entered against them for damages arising from the breach of a real estate contract.
Appellee Hilltop Developers initially sued Frank Silvestri, Inc., and Frank Silvestri, individually, claiming damages against them in the alternative. Before trial, Frank Silvestri moved the court to change the name of Frank Silvestri, Inc. to Frank Silvestri Investments, Inc., claiming that the latter was the real party in interest. The court denied this motion but entered an order naming Frank Silvestri, individually, Frank Silvestri, Inc., and Frank Silvestri Investments, Inc., as defendants. The court further ordered that the original complaint be deemed to be a complaint against all three defendants.
After the trial was held, the court entered judgment against all three defendants jointly and severally. We have reviewed the record and have failed to find that Hilltop amended its pleadings to allege joint and several liability. Even if the trial court's order is viewed as adding Frank Silvestri Investment, Inc., to the complaint, the complaint itself alleged liability only in the alternative. In view of the failure of Hilltop to allege joint and several liability, the judgment against all three defendants was clearly error.
However, because of the confusion in the record, we reject appellants' suggestion to simply strike the names of Frank Silvestri, individually, and Frank Silvestri, Inc., from the judgment. While we recognize that the closing documents prepared by Hilltop indicate that Frank Silvestri Investments, Inc., was the buyer, the contract was signed by Frank Silvestri whose capacity as an agent or representative of the corporation was not pleaded nor established by Hilltop. Also, the court specifically found in a document styled "Findings" that Frank Silvestri had breached the contract. Nevertheless, the final judgment (which was supposed to incorporate the above findings) found that Frank Silvestri Investments, Inc., had breached the contract. In these circumstances, we cannot determine which party is properly liable.
*1203 In addition to the error in imposing joint and several liability, the trial court also erred in awarding damages.
Upon a breach of contract by the buyer on his contract to purchase land, the seller generally has two alternative remedies available: 1) he may sue to compel specific performance and, as an incident to such relief, may be awarded damages for the injuries he has suffered or 2) he may retain the property and sue for breach of contract. Clements v. Leonard, 70 So.2d 840 (Fla. 1954); Miller v. Rolfe, 97 So.2d 132 (Fla. 1st DCA 1957). In the latter instance, the measure of damages is the difference between the price the buyer agreed to pay for the property and the fair market value of the property on the date of the breach.[1]Clements v. Leonard, 70 So.2d at 843. We find no evidence of the fair market value of the property on the date of the breach of contract. Therefore, we also reverse the damages portion of the final judgment and remand for reconsideration in accordance with the principles outlined above.
REVERSED and REMANDED for repleading and retrial.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Hilltop was also awarded substantial damages for maintaining the property after a lis pendens had been filed by appellants in connection with their counterclaim. If a seller has suffered additional damage, he must allege and prove that those damages were contemplated by the parties and were a natural and proximate result of the breach. See Popwell v. Abel, 226 So.2d 418 (Fla. 4th DCA 1969).