JOANOS, Judge.
The Zippers appeal from a final judgment in which they were found to have breached a real estate sales contract. They contend that the trial court erred in finding a breach had occurred, awarding damages of the difference between the selling price of the real estate on the date of breach and the selling price on the date the property was sold to another party, including in the damages an award of pre-judgment interest and one-half of the interest on the construction loan from the date of breach to the date of sale, and awarding attorney’s fees of $9,600.00. We find no error in the determination that the contract had been breached, but agree that the damages were improperly calculated.
There is substantial competent evidence to support the trial court’s determination that the Zippers breached the sales contract.
*989 The measure of damages is the difference between the price the buyer agreed to pay for the property and the fair market value on the date of the breach. Frank Silvestri, Inc. v. Hilltop Developers, 418 So.2d 1201 (Fla. 5th DCA 1982). As noted in Frank Silvestri, Inc., additional damages must be alleged and proved to have been contemplated by the parties and a natural and proximate result of the breach. We, therefore, reverse the award of damages and remand for reconsideration in accordance with this opinion.
Consequently, the award of attorney’s fees must be recalculated to reflect the trial court’s redetermination of damages.
We affirm the portion of the final judgment in which the trial court determined that the Zippers had breached the contract. The damages portion and the award of attorney’s fees are reversed and remanded for disposition consistent with this opinion.
NIMMONS and WIGGINTON, JJ., concur.