583 So.2d 799 (1991)
David R. BUSCHMAN, Jr., Appellant,
v.
B.G. CLARK and Sharon Clark, Appellees.
No. 90-2536.
District Court of Appeal of Florida, First District.
August 12, 1991.
Jeffrey R. Dollinger, P.A., Gainesville, for appellant.
No appearance for appellees.
CAWTHON, Senior Judge.
This is an appeal from a final judgment awarding the sellers, B.G. and Sharon Clark, $5,553.40 which is the difference between the parties' $59,000.00 contract sale price of the Clarks' residence and the ultimate *800 $53,446.60 sale price of the residence at foreclosure. The trial court additionally awarded the Clarks $2,036.11 for their incidental damages accruing after purchaser David R. Buschman, Jr.'s breach of contract. The damages include three mortgage payments totaling $1,527.72; association fees paid in the amount of $101.39; and hazard insurance premiums of $407.00. The trial court offset the amount of damages by the $1,217.25 for damages previously paid to the seller.
Purchaser Buschman raises several issues on appeal, only one of which merits discussion. Buschman contends that the court erred in calculating "actual damages" by comparing the contract sale price to the foreclosure sale price and by adding thereto the mortgage payments, insurance premiums, and associations dues paid subsequent to appellant's failure to purchase the property as required by the contract. We agree and reverse the trial court's final order.
In Zipper v. Affordable Homes, Inc., 461 So.2d 988 (Fla. 1st DCA 1984), rev. dismissed, 469 So.2d 748 (Fla. 1985), we held that the measure of damages for breach of a real estate sales contract is the difference between the contract sales price and the fair market value of the property on the date of the breach. All additional damages must be alleged and proved to have been contemplated by the parties and must be a natural and proximate result of the breach. Id. at 989. In the case at bar, the sales price of the property was $59,000.00. Several months after the contract was breached, the lender foreclosed on the mortgage and received a final judgment of foreclosure. The seller testified that the fair market value of the property at the time of the foreclosure was still equal to the contract price of $59,000.00. Pursuant to Zipper, the amount of damages proved would be zero. Although the foreclosure damages, insurance, association dues, and mortgage payments may have been alleged or proved to have resulted from the breach, there is no allegation or evidence that they were ever contemplated by the parties as required by Zipper. The Clarks would be entitled to Buschman's $2,000 deposit as liquidated damages if they exercised that option.
Accordingly, the trial court's order is reversed, and the cause remanded with directions to the trial court to award the Clarks damages equal to the $1,217.25[1] they previously received.
ERVIN and WIGGINTON, JJ., concur.
NOTES
[1] The difference between the $2,000 deposit and the $1,217.25 awarded was previously disbursed to pay attorney's fees and costs in an interpleader action and an appraiser's fee.