PER CURIAM.
REVERSED. We agree with appellants that the trial court erred in dismissing with prejudice appellants’ action for fraud. Without considering the legal sufficiency of appellants’ allegations, the trial court determined that no action for fraud was available to a seller in a real estate transaction where the parties had entered into a contract for sale. We disagree.
*284 An action for fraud may arise out of a variety of factual settings, including real estate transactions, and, if the claimant can successfully demonstrate fraud in the inducement, the transaction will be vitiated and damages awarded for fraud. Cf. Walker v. Galt, 171 F.2d 613 (5th Cir.1948), cert. denied, 336 U.S. 925, 69 S.Ct. 656, 93 L.Ed. 1086 (1949). We reject the claim of appellees that the case of Frank Silvestri, Inc. v. Hilltop Developers, Inc., 418 So.2d 1201 (Fla. 5th DCA 1982), holds that no cause of action for fraud can arise out of a real estate transaction.
We do not pass on the sufficiency of the appellants’ allegations of fraud because that issue was not raised in the trial court. Our reversal is without prejudice to the rights of the parties to litigate that issue.
ANSTEAD and KLEIN, JJ., concur.
OWEN, WILLIAM C., Jr., Senior Judge, dissents without opinion.